## THE THREE FRIENDS.

(Circuit Court of Appeals, Fifth Circuit. May 10, 1898.)

### No. 616.

**ADMIRALTY PLEADING—LIBEL OF FORFEITURE.**

An answer to a libel of forfeiture for violation of the neutrality laws construed, and *held* not to contain an admission that the vessel was fitted out and armed within the jurisdiction of the United States, as averred in the libel.

Appeal from the District Court of the United States for the Southern District of Florida.

This was a libel of forfeiture filed by the United States against the steamer Three Friends for alleged violation of the neutrality laws. The cause was heard in the district court on a motion by the claimants for permission to give a release bond, and on exceptions to the libel. 78 Fed. 173, 175. Thereafter a hearing was had upon the testimony, and the court (LOCKE, District Judge) rendered the following decision:

The parties herein being present by counsel, the court renders its decree upon the issue herein as follows, viz.: I fail to find in the testimony in this case any evidence whatever which shows or tends to show that this vessel was fitted out, equipped, or armed in any degree within the limits of the United States. The testimony first shows her fifteen or twenty miles at sea, on the high seas; and after that she took on board nothing but a number of men, with their personal baggage. Whatever of arms or ammunition or equipments of any kind are shown to have been upon her had been put on board before any witness had any knowledge of her; whether within the limits of this country, or some other, the testimony fails to show. It is shown that she subsequently went into the port of Navassa, but there received nothing on board, nor was in any way armed or equipped or fitted out. This is a case of forfeiture, and every reasonable presumption of matters not proven by the libelant is to be in favor of the innocence of the person or thing accused. This precludes the necessity of inquiring whether the vessel was fitted out with any felonious intent, and it necessarily follows that the libel be dismissed; but, the vessel being held to answer other libels, no warrant of restitution will be issued, but the marshal will continue his custody until further order; and it is so ordered.

From this decision the United States have appealed.

J. Ward Gurley, for appellant.

A. W. Cockrell, for appellee.

Before PARDEE and McCORMICK, Circuit Judges, and SWAYNE, District Judge.

PER CURIAM. The district judge found no evidence in the case showing or tending to show that the vessel Three Friends was fitted out, equipped, or armed in any degree within the limits of the United States. This finding is undoubtedly correct. The learned counsel for the United States argues in his brief that the fitting out of the vessel within the jurisdiction of the United States, as averred in the libel, was admitted by claimant's answer, so that no proof thereof was required. The claimant's answer admits the truth of the first and second articles propounded in the libel. These articles propound that C. R. Bisbee was the collector of customs, had seized the vessel Three Friends within the limits of the Southern district of Florida, and was still holding the same for forfeiture. As to the other material articles in the libel, the answer was as follows:

"Second. The matters and things contained in the third, fourth, and fifth articles in said libel are falsely alleged, and that the truth is that the said vessel, Three Friends, was not on the 23d day of May, 1896, furnished, fitted out, or armed with intent that she should be employed in the service of any people engaged in armed resistance to the government of the king of Spain, in the Island of Cuba, and that the said vessel, Three Friends, did not, as alleged in said articles, or in any of them, proceed upon a voyage to the Island of Cuba with such intent.

"Third. That said vessel never has been used in any way which would entitle the United States to a forfeiture of said vessel."

We are unable to see how the special denial that the Three Friends was "furnished, fitted out, or armed with intent," etc., coupled with the general denial of the material facts in the libel, can be taken as an admission that said vessel "was furnished, fitted out, and armed with intent," etc., within the jurisdiction of the United States. The right to a forfeiture depends entirely upon the jurisdiction within which the vessel was furnished, fitted out, and armed, if furnished, fitted out, and armed at all with intent, etc. The decree of the district court is affirmed.